UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVIN L. BROWN,

        Plaintiff,

        v.                                        Case No. 25-cv-1852-bhl

HELENE L. WHITE,
MATTHEW D. KOTKOSKY,
REECE R. VOLP,
KEVIN R. JENNERJOHN,
MARCELO A. GARCIA,
CESAR A. CARO, and
BRANDON VELTUS,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Devin Brown, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $49.68. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown explains that at 3:15 p.m. on some unspecified date, he collapsed on the gym floor after having a heart attack. Within a minute, Defendant Helene White went to Brown and called Defendant Matthew Kotkosky. Brown asserts that White did not evaluate his condition, begin CPR, or get an automated external defibrillator. Kotkosky immediately responded and radioed that there was a medical emergency in the gym. Defendant Reece Volp immediately responded to the call, where he saw Kotkosky near Brown and White moving inmates out of the gym. Volp began assisting White in moving inmates out of the gym. Kotkosky was assisted by other inmates who were stabilizing Brown by placing him on his side in the recovery position. Defendant Kevin Jennerjohn and Marcelo Garcia arrived shortly thereafter at about 3:17 p.m., and Garcia instructed

2

the inmates who were holding Brown's head and shoulders to swap positions with him. Brown asserts that Garcia then placed Brown on his back. Garcia noted in his incident report that he was aware that Brown was unresponsive and not breathing. Brown asserts that Garcia did not begin CPR or get an automated external defibrillator. Defendants Cesar Caro and Brandon Veltus also arrived on the scene.

A few minutes later, at about 3:20 p.m., Nurse Heinsohn and Correctional Officer Schmitz arrived at the gym. Nurse Heinsohn began CPR and directed Kotkosky to administer breaths with an ambu bag. About five minutes later, Nurse Heinsohn called for an automated external defibrillator. A lieutenant radioed control to contact the emergency medical services. The automated external defibrillator instructed that a shock be delivered, which it was. The fire department arrived at 3:30 p.m. CPR was administered for about ten minutes, after which a pulse was detected. Brown was taken to the hospital by ambulance at about 3:45 p.m.

### THE COURT'S ANALYSIS

Brown asserts that Defendants violated the Eighth Amendment when they showed deliberate indifference to his serious medical condition after he collapsed on the gym floor. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether a defendant's response to a medical condition amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). "[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Based on Brown's thorough allegations, the Court cannot reasonably infer that the Defendant corrections officers were deliberately indifferent to Brown's serious medical condition. Brown explains that White and Kotkosky immediately responded when Brown collapsed on the gym floor, with White securing the area by instructing inmates to leave the gym and Kotkosky radioing that there was a medical emergency. Kotkosky's call resulted in numerous officers

3

responding to the area, some of whom assisted with securing the area and some of whom assisted with Brown by first placing him the recovery position and securing his head and shoulders and then placing him on his back so that medical personnel could evaluate him when they arrived. Nothing in the complaint suggests that the Defendants ignored Brown or minimized the seriousness of the situation.

Brown believes that the officers should have done more while they waited for the nurse to respond to the emergency call—they could have started CPR or used the automated external defibrillator. But, even assuming Brown's preferred treatment options would have been appropriate, Brown fails to state a claim. The Constitution requires only that the officers respond reasonably to the situation, not that they respond as Brown would demand in hindsight. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (holding that under the Eighth Amendment, a prisoner is not entitled to demand specific care or the best care possible; he is entitled only to reasonable measures to meet a substantial risk of serious harm). The Defendants, none of whom are medical professionals, did not know why Brown had collapsed. They also knew that a trained medical professional would respond to the call of a medical emergency. Further, Defendants were appropriately concerned about the safety and security of themselves, Brown, and the other inmates who could have taken advantage of the chaotic circumstances. Given these circumstances, the Court cannot reasonably infer that Defendants' responses to secure the area and Brown suggest that they were deliberately indifferent to Brown's medical emergency. The Court is sympathetic to the health challenges Brown now faces, but the Defendants' failure to respond perfectly is, at most, a matter of negligence, not deliberate indifference. Because Brown does not state a federal claim, the Court does not have jurisdiction over any purported state law claims. Brown may pursue those claims in state court. The Court offers no opinion on the viability of those claims.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Brown's complaint is thorough in its allegations of facts surrounding this claim, so the Court finds that further amendment would be futile.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because Brown fails to state a federal claim. Brown's purported state law claims are **DISMISSED** without prejudice because the Court does not have jurisdiction over those claims.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $300.32 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on January 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.